IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT,<br><br>　　　　　　Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:13-cv-245-DAK-EJF<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

On April 3, 2013, Plaintiff Sonia Ordonez filed her Complaint against Canyons School District ("Canyons"), (ECF No. 4), and filed her Amended Complaint on September 30, 2013, (ECF No. 15). Ms. Ordonez's Amended Complaint alleges causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Utah Antidiscrimination Act ("UADA"), Utah Code Ann. §§ 34A–5–101 to –108. Canyons now moves this Court[1] under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ms. Ordonez's First and Third Causes of Action for failure to state a claim upon which this Court may grant relief.[2] (ECF No. 23.) The undersigned Magistrate Judge has carefully considered the Motion and Memoranda submitted for and against Canyons' Motion to Dismiss. Because Ms. Ordonez's Amended Complaint consists of "the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*," *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (citation omitted), the

---

[1] On April 18, 2013, Judge Dale Kimball referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

[2] Canyons moved this Court to dismiss Ms. Ordonez's Amended Complaint in its entirety as time barred but concedes in its Reply that "discovery will be necessary to determine if and when [Ms. Ordonez] received [the Right-to-Sue Notice]." (Reply 2, ECF No. 25.)

undersigned Magistrate Judge RECOMMENDS the Court GRANT Canyons' Motion and DISMISS Ms. Ordonez's first and third causes of action.

**Fed. R. Civ. P. 12(b)(6)**

To withstand a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), "a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Kan. Penn*, 656 F.3d at 1214 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id.* (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id.* (citation omitted). Because Ms. Ordonez proceeds pro se, the Court construes her pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted).

**DISCUSSION**

**A. Disparate Treatment Discrimination**

Ms. Ordonez alleges "Discrimination and Harassment" on the basis of gender and race[3] in her first cause of action. (Am. Compl. at 11, ECF No. 15.) However, the body of that cause

---

[3] The body of the Amended Complaint also alleges discrimination on the basis of national origin (Hispanic). (*See, e.g.*, Am. Compl. at 4–5, ECF No. 15.) Courts have characterized discrimination against Hispanics as being based on either race or national origin. *See, e.g.*, *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 460 (S.D.N.Y. 1998) (citing cases). Because the characterization of "Hispanic" does not affect the analysis of this Motion, the

of action narrows the claim to one for discrimination. (*Id.* at ¶ 12.) Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Utah legislature modeled the Utah Antidiscrimination Act after Title VII of the Civil Rights Act of 1964. *Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 16, 61 P.3d 989, 995 (quoting the legislative history of the UADA). Because the UADA sets forth the same elements as a Title VII claim, Utah courts impose the Title VII analysis to UADA claims. *See Viktron/Lika v. Labor Comm'n*, 2001 UT App 394, ¶ 6, 38 P.3d 993, 995. Thus, this Court will analyze Ms. Ordonez's federal and state discrimination claims simultaneously.

"While the 12(b)(6) standard does not require that [Ms. Ordonez] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [Ms. Ordonez] has set forth a plausible claim." *See Khalik*, 671 F.3d at 1192 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002)). "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Id.* at 1192 (citation omitted). "[T]he articulation of a plaintiff's prima facie case may well vary, depending on the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802 n.13). The Court construes Ms. Ordonez's Complaint to allege discrimination on the basis of disparate treatment. A prima facie case of disparate treatment discrimination requires the

---

undersigned agrees with the *Alonzo* court that "[w]hether being Hispanic constitutes a race or a national origin category is a semantic distinction with historical implications not worthy of consideration here." *Id.* at 459 (citing *Jatoi v. Hurst–Euless–Bedford Hosp. Auth.*, 807 F.2d 1214, 1218 (5th Cir.1987)).

plaintiff show: (1) she is a member of a protected class (e.g., race, national origin, gender); (2) she suffered an adverse employment action (e.g. demotion, termination); and (3) the employer treated similarly situated employees differently. *See, e.g.*, *Trujillo v. Univ. of Colorado Health Sciences Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998) (citing *McDonnell Douglas*, 411 U.S. at 802).

To show disparate treatment, Ms. Ordonez must allege she was similarly situated "in all relevant respects" to employees not belonging to her protected class. *See McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006) (citation omitted). "'Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline.'" *Id.* (quoting *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997)).

Ms. Ordonez adequately alleges membership in the protected classes of national origin and race (Hispanic) and gender (female). Although Ms. Ordonez alleges Canyons treated her differently by giving her "more work than the rest of the employees," (Am. Compl. at 4, ¶ 10(b), ECF No. 15), she does not allege that these employees qualify as similarly situated nor that they do not belong to her protected class. Ms. Ordonez only specifically identifies Clinton Mullins as a co-worker receiving preferential treatment. (*See id.* at 4–5, ¶ 10(a),(d)–(e), ECF No. 15.) However, Ms. Ordonez never alleges that both she and Mr. Mullins reported to "the same supervisor and [were] subject to the same standards governing performance evaluation and discipline." *McGowan*, 472 F.3d at 745 (citation omitted). Ms. Ordonez does not make any allegations regarding Mr. Mullins's membership or lack thereof in the protected classes to which

she belongs.[4] Further, the Court cannot decipher from the Complaint what adverse result occurred to Ms. Ordonez because of the discrimination. "While [courts] do not mandate the pleading of any specific facts in particular, there are certain details [Ms. Ordonez] should know and could properly plead to satisfy the plausibility requirement." *Khalik*, 671 F.3d at 1194. As noted above, Ms. Ordonez should know whether she and Mr. Mullins (and any other employees she believes received preferential treatment) reported to the same supervisor and had "the same standards governing performance evaluation and discipline," and whether he belonged to the same protected class she did. *McGowan*, 472 F.3d at 745 (citation omitted). Likewise, Ms. Ordonez must specifically allege what adverse result came from the discrimination.

Because Ms. Ordonez's Complaint largely consists of "the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*," *Khalik*, 671 F.3d at 1193 (citing *Iqbal*, 556 U.S. at 678), her Complaint fails to allege a plausible claim for disparate treatment discrimination. The Court should therefore dismiss Ms. Ordonez's first cause of action without prejudice.

**B. Hostile Work Environment**

Ms. Ordonez alleges Canyons subjected her to a hostile work environment in her third cause of action. (Am. Compl. at 13, ECF No. 15.) Ms. Ordonez does not specify whether the hostile work environment relates to her sex, national origin, and/or race. "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (citation omitted). "[These acts] occur[] over a series of days or perhaps years and, in

---

[4] The Court presumes Mr. Mullins is a man, and thus a different sex from Ms. Ordonez. Nonetheless, the Amended Complaint contains no allegation regarding Mr. Mullins's national origin/race.

direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* at 115 (citation omitted). Thus, a defendant violates Title VII "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* at 116 (citation and internal quotation marks omitted). "Additionally, the harassment must be based on the plaintiff's protected class or stem from discriminatory animus toward her protected class." *Faragalla v. Douglas Cnty. Sch. Dist. RE 1*, 411 F. App'x 140, 152 (10th Cir. 2011) (citing *Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1139 (10th Cir. 2008)).

Earlier in the Amended Complaint, Ms. Ordonez alleges "persistent racist and discriminatory treatment committed by Clinton Mullins . . . against my foreign origin in general, and specifically against my gender and my Hispanic origin." (Am. Compl. at 4, ¶ 10(a), ECF No. 15.) Conclusory statements such as this do not sufficiently allege a hostile work environment. "While '[s]pecific facts are not necessary,' *see Erickson* [*v. Pardus*], 551 U.S. [89,] 93, 127 S.Ct. 2197 [(2007)], some facts are." *Khalik*, 671 F.3d at 1193. For example, Ms. Ordonez should state what Mr. Mullins and any other Canyons employees or agents did or said that she believes constitutes discriminatory treatment and the context thereof. She should also state when these events occurred and how long the treatment persisted. "[T]he *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face." *Id.* at 1193. Because Ms. Ordonez's Complaint fails to allege facts supporting a plausible hostile work environment claim, the Court should dismiss Ms. Ordonez's third cause of action without prejudice.

## RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge GRANT Defendant's Motion to Dismiss and DISMISS Ms. Ordonez's First and Third Causes of Action.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

Dated this 28th day of May, 2014.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge