# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>               Plaintiff,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EXTENSION OF TIME (ECF NO. 71) AND COUNTERMOTION FOR SANCTIONS (ECF NO. 73)**<br><br>Case No. 2:13-cv-245-DAK-EJF<br><br>District Judge Dale Kimball<br><br>Magistrate Judge Evelyn J. Furse |

On March 30, 2016, Plaintiff Sonia Ordonez filed a "Motion for Extension of Time to improve coherence upon Plaintiff's Amended Complaint, as alleged by Defendant." (ECF No. 71.) In the Motion, Ms. Ordonez requests that the Court grant her a three or four week extension to improve the coherence of her Amended Complaint, (ECF No. 62), "in virtue of the fact that the Defendant's advocate alleges that my arguments against the Defendant's motion to dismiss my Amended Complaint . . . are not sufficiently coherent for him." (Mot. for Extension of Time 1, ECF No. 71.) Ms. Ordonez also states that she continues her search for counsel to take her case. (*Id.* at 1–2.)

Within a request to submit the pending motion to dismiss, Defendant Canyons School District ("Canyons") opposed Ms. Ordonez's request for extension of time on several grounds. (ECF No. 72.) Canyons argues that: (1) the Court gave Ms. Ordonez a full and fair opportunity to respond to Canyons' Motion to Dismiss by allowing Ms. Ordonez a period of nearly fifty days to respond; (2) Ms. Ordonez's request violates DUCiv R 7-1, which does not provide for an additional response to a Motion by an opposing party; (3) the Court gave Ms. Ordonez two extensions already to oppose Canyons' Motion to Dismiss, (ECF Nos. 66 & 68); (4) Ms.

1

Ordonez fails to understand her burden to plead her claims under *Iqbal*; (5) Ms. Ordonez has failed to find an attorney and the Court recently denied a request to appoint counsel, (ECF No. 57); and (6) the Court has granted Ms. Ordonez significant leeway to address any pleading issues, including multiple extensions of time, (ECF Nos. 10, 12, 30, 58, 66, 68), and a prior attempt to find counsel for her, (ECF No. 57). (ECF No. 72.)

Viewing the circumstances, the Court finds Ms. Ordonez does not state good cause for an extension of time to further clarify her Amended Complaint. The Court interprets this Motion as a Motion for Leave to Amend. The Court granted Ms. Ordonez the opportunity to amend her complaint, (ECF No. 58), and gave her *nine* months to do so, (*cf.* ECF Nos. 51 & 62). Ms. Ordonez offers only that she intends to improve the Amended Complaint's coherence. This case is three years old, and the Court has given Ms. Ordonez a significant amount of time to amend her Complaint. Furthermore, Ms. Ordonez has had nearly three months since filing her Motion to locate counsel willing to represent her in this case. No counsel has entered an appearance as of the date of this Order. Ms. Ordonez does not indicate any intention to make substantive changes to her Amended Complaint. Therefore, the Court DENIES Ms. Ordonez's Motion for Leave to Amend. The Court will evaluate the sufficiency of Ms. Ordonez's amended pleading as currently filed and in light of the arguments in the pending fully-briefed motion to dismiss. (*See* ECF Nos. 62, 64.) If Ms. Ordonez wishes to re-raise the issue after this Court issues a Report and Recommendation on the Motion to Dismiss, she may do so.

Additionally, on April 21, 2016, Ms. Ordonez filed a countermotion for sanctions against Canyons in responding to Canyons' request to submit. (*See* Pl.'s Resp. to Def.'s Mot. Requesting for Decision & Objection, & Countermot. for Sanctions ("Pl.'s Resp."), ECF No. 73.) Ms. Ordonez requests the Court sanction Canyons' counsel for "willfully fail[ing] for third

occasion to notify me about his motions filed in the Court," including the recent request to submit, in violation of the Court's order that Canyons serve all motions on Ms. Ordonez by email. (*Id.* at 1; *see* ECF No. 66.) As part of the sanctions, Ms. Ordonez requests the Court appoint her another pro bono attorney or grant her a longer extension of time, at least eight weeks, to find an attorney. (Pl.'s Resp. 2–3, 11, ECF No. 73.) Ms. Ordonez also asks the Court to "compel to the Defendant's advocate to respond if he admits or disputes the authenticity and legality of my pieces of evidences." (*Id.* at 3.) Canyons did not oppose this countermotion.

As an initial matter, Ms. Ordonez's countermotion violates DUCiv R 7-1(b)(1)(A), which states a party may not make a motion within a response or reply but must make such motions in a separate document. More importantly, however, Ms. Ordonez states no law or justifiable basis by which the Court might grant her requested sanctions. Therefore, the Court DENIES Ms. Ordonez's countermotion for sanctions, (ECF No. 73). Furthermore, the Court will not compel Canyons to respond as requested. The Court decides a motion to dismiss on the allegations of the complaint, not on the proof of the claims.

The Court understands Ms. Ordonez's concern that Canyons failed to inform her of their filing a request to submit and reminds Canyons that it must serve all motions on Ms. Ordonez by email. (*See* ECF No. 66.) The Court does not find a certificate of service attached to Canyons' request to submit. (*See* ECF No. 72.) Therefore, the Court ORDERS Canyons to file its certificate of service or indicate its failure to serve the request to submit within fourteen (14) days of this Order.

DATED this 29th day of June, 2016.

BY THE COURT:

*[signature]*
EVELYN J. FURSE
United States Magistrate Judge