IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>        Plaintiff,<br><br>v.<br><br>CANYONS SCHOOL DISTRICT,<br><br>        Defendant. | REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 96)<br><br>Case No.  2:13-cv-00245-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Canyons School District ("Canyons") moves the Court[1] for summary judgment on pro se Plaintiff Sonia Ordonez's remaining retaliation claim.  (Def.'s Mot. for Summ. J. ("Mot."), ECF No. 96.)  The Court previously dismissed Ms. Ordonez's §1983, Fair Labor Standards Act ("FLSA"), Title I and V of the Americans with Disabilities Act ("ADA"), Title VII gender and national origin discrimination, conspiracy, obstruction of justice, and perjury claims.  (Mem. Decision & Order, ECF No. 77.) Canyons argues this Court should grant its Motion because judicial estoppel bars Ms. Ordonez's action against it, and, alternatively, Ms. Ordonez did not file her Complaint on time, and Ms. Ordonez cannot show a causal connection between her purported protected activity and Canyons' materially adverse action.  (Def.'s Reply in Supp. of Its Mot. for Summ. J. & Supp. Mem. ("Reply") 1, 14–19, ECF No. 107; Mot. 2–14, ECF No. 96.)  Before considering whether Ms. Ordonez filed her Complaint in a timely manner or whether Ms. Ordonez can establish a prima facie case for retaliation, the undersigned considers whether judicial estoppel bars Ms. Ordonez's claims against Canyons.

---

[1] On April 18, 2013, District Judge Dale A. Kimball referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

1

Having carefully considered the parties' memoranda and the law, the undersigned RECOMMENDS the District Judge GRANT Canyons' Motion for Summary Judgment because judicial estoppel bars Ms. Ordonez's claims.

## I.     LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only facts "essential to the proper disposition of a claim" qualify as material. Crowe v. ADT Sec. Servs., Inc., 649 F.3d 1189, 1194 (10th Cir. 2011). Courts generally construe pro se pleadings broadly. See Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008). However, courts cannot act as advocates for pro se litigants who must comply with the fundamental requirements of the Federal Rules of Civil Procedure (Rules). Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting Garrett v. Selby Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)). When applying the summary judgment standard, the Court must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Ribeau v. Katt, 681 F.3d 1190, 1194 (10th Cir. 2012) (quoting Doe v. City of Albuquerque, 667 F.3d 1111, 1122 (10th Cir. 2012)).

## II.     FACTUAL AND PROCEDURAL HISTORY

The Court considers the following facts in determining the Motion for Summary Judgment. All facts come from the parties' briefings and accompanying exhibits. The

undersigned resolves all disputed issues of material fact in favor of Ms. Ordonez where Ms. Ordonez has produced evidence to support her assertion of the facts.

Canyons employed Ms. Ordonez as an assistant custodian from November 11, 2008 through April 7, 2011.  (Suarez Decl. ¶ 4, Ex. 3, ECF No. 97-3.)  On October 18, 2010, Ms. Ordonez attempted to file a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC), alleging Canyons discriminated against her "[b]ased on race, sex, age, National origin, and retaliation."  (Fax Cover Sheet, Ex. 40, ECF No. 33.)  The EEOC deemed Ms. Ordonez's charge finally filed on December 22, 2010.  (Charge of Discrimination, Ex. 7, ECF No. 97-7; Pl.'s Reply to Def.'s Reply in Supp. of Mot. for Summ. J. & Supp. Mem. ("Surreply") 4, ECF No. 114.)

On December 21, 2010, Ms. Ordonez filed for Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Utah.  (In re Ordonez, No. 10-37596 (Bankr. D. Utah 2010), Ch. 7 Petition, ECF No. 1.)[2]  On December 22, 2010, the EEOC validated Ms. Ordonez's complaint and permitted her to file a Notice of Charge of Discrimination with the EEOC.  (EEOC Date-Stamped Charge of Discrimination, Ex. 7, ECF No. 97-7; Surreply 4, ECF No. 114.)  On December 30, 2010, Ms. Ordonez filed her statement of financial affairs with the bankruptcy court and failed to disclose her administrative claims against Canyons.  (In re Ordonez, No. 10-37596, Statement of Financial Affairs, ECF No. 9.)  On October 12, 2011, the bankruptcy court discharged

---

[2] The undersigned takes judicial notice of court records related to this case.  Courts may take judicial notice of publicly-filed records in other courts if the proceedings relate to the case at hand.  United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007); St. Louis Baptist Temple v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

3

Ms. Ordonez's debts.  (Discharge of Debtor(s), Ex. 2, ECF No. 108-2; In re Ordonez, No. 10-37596, Order Discharging Debtor(s), ECF No. 33.)

On October 3, 2012, the EEOC issued Ms. Ordonez a right to sue letter, but Ms. Ordonez only received the letter via e-mail on January 3, 2013.  (Notice of Right to Sue 1–2, ECF No. 4-1; Pl.'s Aff. In Supp. of Pl.'s Reply to Def.'s Reply Mot. for Summ. J. & Supp. Mem. ("Ordonez Aff.") ¶ 3, Ex. 2, ECF No. 114-2; EEOC E-mail Correspondence, Ex. C, ECF No. 114-2.)  On April 3, 2013, Ms. Ordonez filed this action against Canyons.  (Compl., ECF No. 4.)  On September 30, 2013, Ms. Ordonez filed an Amended Complaint seeking compensatory damages, punitive damages, interest, and an award of attorney's fees, litigation expenses, and other costs.  (Am. Compl. 15, ECF No. 15.)

In February 2017, Ms. Ordonez learned that she should have disclosed her EEOC filing during her bankruptcy.  (Summary of facts re: Bankruptcy, ¶¶ 18–22, Ex. 1, ECF No. 118.)  On June 19, 2017, Ms. Ordonez moved to reopen her bankruptcy.  (In re Ordonez, Mot. to Reopen, ECF No. 47.)  The bankruptcy court granted that Motion on July 19, 2017.  (Id.; Order Granting Mot. to Reopen, ECF No. 51.)

On November 30, 2017, Canyons moved for summary judgment in this case.  (Mot., ECF No. 96.)  The Court granted Ms. Ordonez a sixty-day extension to respond to Canyons' Motion.  In the interim, on January 3, 2018, the Court entered an order compelling Ms. Ordonez to inform the Court whether she had disclosed her administrative claims against Canyons during her bankruptcy proceeding.  (Order, ECF No. 101.)  In October 2017, the Court had dismissed another lawsuit Ms. Ordonez had brought against Defendant Air Serv Corporation ("Air Serv") on judicial estoppel grounds

4

because Ms. Ordonez failed to disclose her administrative proceeding against Air Serv during her bankruptcy.  (Ordonez v. Air Serv, No. 2:13-cv-00067, Mem. & Order Overruling R&R & Granting Summ. J., ECF No. 146.)  Following the Court's ruling in Air Serv, on December 1, 2017, Ms. Ordonez amended her statement of financial affairs to reflect her claim against Air Serv but did not disclose any claims against Canyons.  (Am. Statement of Financial Affairs 3, Ex. 6, ECF No. 108-6.)  On January 16, 2018, Ms. Ordonez responded to the Court's Order (Pl.'s Answer Fulfilling the Judge Order Issued on January 3, 2018, ECF No. 102) and also amended her statement of financial affairs to reflect her claims against Canyons.  (Statement of Financial Affairs, Ex. 3, ECF No. 108-3.)  On January 31, 2018, Ms. Ordonez filed her opposition to Canyon's Motion.  (Opp'n, ECF No. 105.)

On February 14, 2018, Canyons filed its Reply and addressed the judicial estoppel issue for the first time in light of the Court's order alerting Canyons to Ms. Ordonez's bankruptcy case.  (Def.'s Reply in Supp. of its Mot. for Summ. J. & Supp. Mem., ECF No. 107.)  On March 13, 2018, the Court accepted Ms. Ordonez's Surreply, giving Ms. Ordonez an opportunity to respond to Canyon's Reply.  (Surreply, ECF No. 114.)

The undersigned also reviewed Canyons' Errata to its Motion for Summary Judgment correcting errors in its original Motion and Supporting Memorandum.  (ECF No. 106.)

### III. DISCUSSION

Canyons argues this Court should apply judicial estoppel and dismiss Ms. Ordonez's retaliation claim against Canyons because Ms. Ordonez failed to disclose her

5

pending EEOC claim when she filed for Chapter 7 bankruptcy on December 21, 2010. (Reply 15–19, ECF No. 107.)  Ms. Ordonez contends that even though she sent her claim of discrimination to the EEOC via certified mail and fax on October 18, 2010, the EEOC did not validate her complaint and authorize her to file her Notice of Charge of Discrimination until December 22, 2010.  (Surreply 4–9, ECF No. 114.)  Ms. Ordonez further contends that she received advice that if she had filed her Notice of Charge of Discrimination after she had filed for Chapter 7 bankruptcy, then her lawsuit against Canyons would not form part of her bankruptcy estate.  (Pl.'s Answer Fulfilling the Judge Order Issued on January 3, 2018 ("Pl.'s Answer to Judge's Order") 4–5, ECF No. 102.)  On January 16, 2018, Ms. Ordonez amended her Statement of Financial Affairs to include her action against Canyons.

Judicial estoppel "'protect[s] the integrity of the judicial process' by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment'…. [and] prevent[s] 'improper use of judicial machinery.'"  New Hampshire v. Maine, 532 U.S. 742, 749–50 (2001) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982); United States v. McCaskey, 9 F.3d 368, 378 (5th Cir. 1993); Konstantinidis v. Chen, 626 F.2d 933, 938 (D.C. Cir. 1980)).  Accordingly, "judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'"  Id. at 750 (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).  The Tenth Circuit requires courts to consider three factors when deciding whether to apply judicial estoppel:

> First, a party's subsequent position must be "clearly inconsistent" with its former position.  Next a court should inquire whether the suspect party succeeded in persuading a court to accept the party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding

6

>would create the <u>perception</u> that either the first or the second court was misled[]." Finally the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

<u>Eastman v. Union Pac. R. Co.</u>, 493 F.3d 1151, 1156 (10th Cir. 2007) (alteration in original) (quoting <u>New Hampshire</u>, 532 U.S. at 751). Courts may "resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" <u>New Hampshire</u>, 532 U.S. at 753 (quoting <u>John S. Clark Co. v. Faggert & Frieden, P.C.</u>, 65 F.3d 26, 29 (4th Cir. 1995)). A court may find inadvertence or mistake when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." <u>Eastman</u>, 493 F.3d at 1157. However, "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at times <u>sub silentio</u>, infer deliberate manipulation." <u>Id.</u>

Ms. Ordonez adopted an inconsistent position before the bankruptcy court when she represented that she did not have any administrative proceedings, lawsuits, or other claims for damages while she pursued her claim with the EEOC. Ms. Ordonez succeeded in persuading the bankruptcy court to adopt her position when it proceeded to discharge her debts without knowledge of her claim against Canyons. Taking the facts in favor of Ms. Ordonez as required at summary judgment, she may not have understood her obligation in 2010. However, Ms. Ordonez would gain an unfair advantage if not estopped from pursuing her claim against Canyons because the bankruptcy court did discharge her debts.

Ms. Ordonez contends that someone had advised her that her claims against Canyons would not be part of her bankruptcy estate if she filed her EEOC claim after she had filed for bankruptcy. Assuming someone misadvised Ms. Ordonez when she

7

filed for bankruptcy in December 2010, Ms. Ordonez knew of the existence of her claims against Canyons when she filed her lawsuit in April 2013, and had sufficient notice after February 2017 that she needed to amend her bankruptcy filings to reflect any administrative claims, lawsuits, or any other claims for damages.  Moreover, Ms. Ordonez knew of her claim against Canyons, reopened and amended her bankruptcy filings in 2017, but again omitted mention of the claim against Canyons.  Not until January 16, 2018, after the Court ordered her to reveal whether she had disclosed her administrative claims against Canyons during her bankruptcy, did Ms. Ordonez finally amend to include the claim.  Ms. Ordonez knew of her duty to amend her bankruptcy filings no later than February 2017 because of her case against Air Serv.

Moreover, "[u]nder the bankruptcy rules, 'a debtor is under a duty both to disclose the existence of pending lawsuits when [s]he files a petition in bankruptcy and to amend [her] petition if circumstances change during the course of the bankruptcy." Marshall v. Honeywell Tech. Sys. Inc., 828 F.3d 923, 926 (D.C.Cir. 2016), cert. denied, 137 S.Ct. 830 (2017) (quoting Moses v. Howard Univ. Hosp., 606 F.3d 789, 793 (D.C. Cir. 2010)); see also 11 U.S.C. § 541(a)(7).  Ms. Ordonez's pro se status does not excuse her conduct.  Ms. Ordonez knew of her obligation to amend in February 2017.

Therefore, Ms. Ordonez cannot claim mistake or inadvertence because she certainly knew of this case at the time she filled out her first amended statement of financial affairs.  Thus, she did not promptly seek to correct her omission until the Court exposed her misrepresentation.  Ms. Ordonez's knowledge coupled with her omission suggests she had a motive to conceal her Canyons claim.  If the Court permitted Ms. Ordonez's suit in this case, it "would 'suggest[] that a debtor should consider disclosing

potential assets only if [s]he is caught concealing them.  This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." Eastman, 493 F.3d at 1160 (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002)).

For all of these reasons, the undersigned finds that equities weigh in favor of applying judicial estoppel.  Therefore, the undersigned RECOMMENDS the District Judge apply judicial estoppel to bar Ms. Ordonez's claims and grant Canyons' Motion for Summary Judgment.  Because the undersigned finds that judicial estoppel bars Ms. Ordonez's claims, the undersigned does not address Canyons' remaining bases for summary judgment.

The Court will send copies of this Report and Recommendation to the parties who the Court hereby notifies of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 27th day of June, 2018.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge

9